IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA )
ex rel BRANDI STUART )
and BRANDI STUART )
  )
  )
     Plaintiffs, )
  )
v. )CASE NO. 3:20CV5602-MCR-HTC
  )
TRACY HARRELL; SIMPLY )
SOUTHERN STYLES CORP.: )
EMMA JEAN KIDS, LLC; )
BANANA SPLIT, LLC; )
THREE SISTERS DESIGNS, LLC; )
MILLIE JAY, LLC )
  )
     Defendants. )
_____/

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**COMES NOW**, Defendants by and through their undersigned counsel, pursuant to Rules 9(b) and 12 (b)(6) of the Federal Rules of Civil Procedure, moves this Court to dismiss the Complaint, and files its Brief in Support of its Motion to Dismiss Plaintiff's Complaint and shows this Court that Count 1 alleging a violation of the False Claims Act (31 U.S.C.A. §§ 3729(a)(1)(C) & (G)) and Count 2 alleging a violation of the whistleblower provisions of the False Claims Act (31 U.S.C.A. §§ 3730(h)) do not allege fraud with the particularity required by law and, therefore, Defendants are unable to

determine the particulars of the alleged violation in order to form a response. This Motion is based upon the following:

1.  The Complaint purports to state a cause of action for violation of the False Claims Act (31 U.S.C.A. §§ 3729(a)(1)(C) & (G)) and the whistleblower provisions of the False Claims Act (31 U.S.C.A. §§ 3730(h)) as well as some state law claims.  (Doc. 1).

2.  The relevant portion of the False Claims Act reads:

    "[A]ny person who –

    Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government, is liable to the United States Government for a civil penalty … ."  31 U.S.C.A. §3729(a)1)(G).

3.  The False Claims Act also contains a provision imposing penalties for any person that conspires to violate the above provision.  31 U.S.C.A. §3729(a)1)(C).[1]

---

[1] Plaintiff's claims for violation of the False Claims Act and conspiracy to violate the False Claims Act are alleged against all Defendants together in Count I of the Complaint.

4.  When considering a motion to dismiss for failure to state a claim, the
    Court must accept the allegations in the complaint as true, construing
    them in the light most favorable to the plaintiff. *White v. Lemacks,* 183
    F.3d 1253, 1255 (11th Cir.1999).

5.  Complaints alleging a violation of the False Claims Act must comply
    with Fed. R. Civ. P. 9(b)'s requirement that fraud be pled with
    particularity.  See *Chesborough v. VPA, P.C.*, 655 F.3d 461, 466 6th Cir.
    2011); *U.S. ex rel Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir.
    2006; *United States v. Millennium Radiology, Inc.*, 2014 WL 4908275
    *3 (S.D. Ohio Sept. 30, 2014); *U.S. ex rel Antoon v. Cleveland Clinic
    Foundation,* 978 F. Supp. 2d 880, 896 (S.D. Ohio 2013); *U.S. ex rel
    Mastej v. Health Management Associates, Inc.*, 869 F. Supp. 1336,
    1340 (M.D. Fla. 2012).

6.  The purpose of Rule 9(b) is three fold: 1) to alert defendants as to the
    particulars of their alleged misconduct so that they may respond, 2) to
    prevent fishing expeditions, and 3) to narrow potentially wide-ranging
    discovery to relevant matters. *Chesborough*, 655 F.3d at 466.  See also
    *Mastej*, 869 F. Supp. at 1340 (explaining Rule 9(b)'s purpose as
    including protecting defendants from spurious charges); and U.S. ex rel
    Atkins, 470 F.3d at 1359 (explaining Rule 9(b)'s purpose as including

protecting defendants against spurious charges of immoral and
fraudulent behavior).

7.   In order to plead fraud with particularity, a plaintiff must allege (1) the
time, place, and content of the alleged misrepresentation, (2) the
fraudulent scheme, (3) the defendants' fraudulent intent, and (4) the
resulting injury. *Chesborough*, 655 F.3d at 467; *U.S. ex rel Atkins*, 470
F.3d at 1357; *Millennium Radiology, Inc.*, 2014 WL 4908275 at *3.

8.   Additionally, a False Claims Act claim must plead materiality with
particularity under Rule 9(b). *Universal Health Services, Inc. v. United
States*, 136 S. Ct. 1989, 2004 n. 6 (2016); *Grabcheski v. American
International Group, Inc.*, 687 Fed. Appx. 84, 87 (2nd Cir. 2017).

9.   Plaintiff's Complaint does not allege the time or content of the alleged
misrepresentation with particularity, nor does it allege that the alleged
misrepresentation had a material effect on the likely behavior of the
recipient.  These deficiencies will be discussed in turn below.

10.  The complaint in this action alleges, in conclusory allegations and
without any particularity, a scheme to violate the False Claims Act in
paragraphs 3 through 12. In these paragraphs the closest Plaintiff comes
to any particularity regarding any of her allegations is that foreign
companies and third parties were involved, that, upon information and

belief, the alleged scheme began "as early as" 2011, and that Plaintiff discovered the alleged scheme in 2019.

11. The remaining statements in paragraphs 3-12 are all conclusory and lack factual particularity.

12. Plaintiff further describes the alleged scheme in paragraphs 48 through 76. The operative non-conclusory allegations that are alleged with particularity in those paragraphs are limited to the following:

   a. Plaintiff has been phased out of the financial management of Defendant Simply Southern since 2011. Complaint para. 9 & 52.

   b. Plaintiff first learned of the alleged scheme in the Fall of 2019. Complaint para. 56.

   c. Plaintiff had no access to the financial information and books of the company. Complaint para. 65.

   d. Plaintiff was terminated from employment with Defendants in 2020. Complaint para. 66.

   e. That Plaintiff contacted an employee of a foreign manufacturer and apparently misrepresented her intentions to the employee by asking "How much lower to you put on duties for Three Sisters?  I'm trying to do my budget?"  The employee responded, "lower 30%."

13. There is no allegation of a specific time or the content of any specific misrepresentation that was sent to the U.S. Government.

14. There is also no specific allegation that any information sent to the U.S. Government was material to the likely behavior of the recipient.

## Time and Content

15. In order to plead a fraud claim with particularity sufficient to comply with Rule 9(b), the time, place, and content of the alleged fraudulent misrepresentation must be alleged. *Chesborough*, 655 F.3d at 467; *U.S. ex rel Atkins*, 470 F.3d at 1357; *Millennium Radiology, Inc.*, 2014 WL 4908275 at *3.

16. The only times alleged in Plaintiff's complaint are as follows:

    a. Defendant Harrell "took over the company" and "upon information and belief," engaged in the alleged scheme "as early as 2011." Compliant para. 9.

    b. Plaintiff alleges that she first learned of the alleged scheme in the Fall of 2019.

17. There are included within the Complaint no specific dates, months, or even a specific year, that Plaintiff alleges the fraudulent activity occurred or that any misrepresentation was sent by any Defendant to the U.S. Government.

18.     In fact, Plaintiff alleges that she has no personal knowledge of the
        timing of the alleged scheme.  In paragraph 9 she makes her allegation
        that Defendants had engaged in the scheme "as early as 2011." But that
        allegation is made, by her own admission, "upon information and
        belief."  Plaintiff cannot sufficiently plead fraud if she does not have
        personal knowledge of the time the alleged fraud occurred.

19.     Nonetheless, upon this "information and belief," Plaintiff goes on in the
        Complaint to allege an eight (8) year window of time during which the
        scheme was undertaken, yet she alleges no time any more specific nor
        any personal knowledge.

20.     Such an allegation does not comply with the particularity required by
        Rule 9(b) for the time element of a fraud claim.

21.     Plaintiff's alleged first knowledge of fraudulent activity is based upon
        an alleged conversation Plaintiff and her mother had with Defendant
        Harrell at a family gathering in 2019.

22.     In that alleged conversation, Plaintiff alleges that Defendant Harrell
        said that she had a practice of having her suppliers falsely report value
        of the goods imported.  Plaintiff alleges that Defendant Harrell
        "implied" that the suppliers "could" simply lower the value.

23.    Once again, there is no particularity in this allegation.  No allegation of
when this alleged "practice" started.  No allegation of how often this
alleged "practice" was used.  No allegation of the dollar amount by
which the value was falsely reported.  No allegation of the suppliers
engaged with Defendant Harrell in this alleged "practice."  No
allegation of which of the corporate Defendants engaged in this
"practice."  No allegation of which corporate Defendants used which
suppliers and whether all the suppliers were engaged in the "practice."
If the allegation would be that all the corporate Defendants were
engaged in the practice, the particular time this occurred for each
Defendant. No allegation that the allegedly false value was reported to
the U.S. Government.

24.    The only allegation is that Defendant Harrell said she had a "practice"
(scheme) and that it was implied that Defendant Harrell could further
manipulate that scheme to her advantage.

25.    Plaintiff also alleges that one supplier reported to her that the company
she works for had reduced the reported price by 30%.[2]  However, there
is no allegation of when this reduction was applied.

---

[2] The language of the text attached to the Complaint as Exhibit "D" does not support the allegation.
However, for the purpose of a Motion to Dismiss, the allegation must be taken as true.

26. There is no allegation of a time frame during which there was a 30% reduction, nor the duration of the reduction.

27. Plaintiff has not alleged the time element of her fraud claim with the particularity required by Rule 9(b).

28. Rule 9(b) also requires that the content of the alleged fraud be alleged with particularity.

29. Plaintiff alleges that one supplier reported to her that the company she works for had reduced the reported price by 30%.

30. However, there is no allegation that Defendants reported a value to the U.S. Government that was 30% less than the actual value.

31. In fact, Plaintiff does not allege that she has personal knowledge of any reduced value amount that was reported to the U.S. Government by any Defendant on any particular occasion.

32. Plaintiff has not alleged the content of the misrepresentation element of her fraud claim with the particularity required by Rule 9(b).

33. Plaintiff alleges that she had no access to the financial information and books of the Defendants in Paragraph 65 of the Complaint. Therefore, by her own allegations, she cannot allege the content of any alleged misrepresentation. Such a particular allegation is required to plead a fraud claim.

34.   Defendant has alleged a scheme without alleging any particularity of contents of any misrepresentations alleged to be a part of the scheme.

## Materiality

35.   Under the False Claims Act any person who knowingly makes, uses, or causes to be made or used, a false record or statement <u>material</u> to an obligation to pay or transmit money or property to the Government is liable for a civil penalty.  31 U.S.C.A. §3729(a)1)(G) (emphasis added).

36.   The False Claims Act defines material as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property."  31 U.S.C.A. §3729(b)(4).

37.   In a False Claims Act complaint, a Plaintiff must plead materiality with particularity under Rule 9(b).  *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989, 2004 n. 6 (2016); *Grabcheski v. American International Group, Inc.*, 687 Fed. Appx. 84, 87 (2nd Cir. 2017).

38.   Materiality cannot be found where noncompliance is minor or insubstantial. *Universal Health Services, Inc. v. United States*, 136 S. Ct. at 2003.

39.   In this case, Plaintiff must allege facts to show that the value amount not reported to the U.S. Government by Defendants had a natural

tendency to influence, or be capable of influencing, the payment or receipt of money or property to or by the U.S. Government.

40.  Plaintiff Complaint contains no allegation to show materiality, or whether the amount of allegedly unreported value would influence the U.S. Government.  Whether the alleged violation is minor or insubstantial is also completely unaddressed in the Complaint.

41.  Plaintiff has failed to allege any amount Defendants failed to pay nor that the amount Defendants failed to pay was material in amount.  In fact, Plaintiff failed to allege any facts with particularity from which materiality could be calculated or deduced.

42.  As noted above, Plaintiff alleges that she does not have access to the financial information and books of the Defendants.  Therefore, by her own allegations, she cannot allege any amount of any alleged misrepresentation.  Such a particular allegation is required to plead a fraud claim under the False Claims Act.

43.  Simply put, Plaintiff has not alleged materiality at all despite the fact that Rule 9(b) requires not only that materiality be alleged but that it be alleged with particularity.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in this action, decline to continue to maintain

supplemental jurisdiction of the remaining state law claims, and for such other and further relief as this Court deems necessary.

Respectfully submitted this 3th day of March, 2021.

s/ Paul A. Wilson
PAUL A. WILSON
Litvak, Beasley, Wilson & Ball, LLP
40 Palafox Place, Suite 300
Pensacola, Florida 32502
Telephone:  (850) 432-9818
Facsimile:  (850) 432-9830
Florida Bar # 0151297
E-Mail:     paw@lawpensacola.com
Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Paul A. Wilson, attorney for Defendants does hereby certify that I have this day served this Brief in Support of Motion to Dismiss Plaintiff's Complaint to the following:

Charles M. Caldwell, II, Esq.
WHIBBS STOME BARNETT, P.A.
801 W. Romana Street, Unit C
Pensacola, Florida 32502
Attorney for Plaintiff
chase@whibbslaw.com

Kathryn W. Drey, Esq.
Mary Ann Couch, Esq.
Assistant United State Attorney
21 East Garden Street, Suite 400
Pensacola, Florida 32502
Mary.ann.couch@usdoj.gov
Kathryn.drey@usdoj.gov

This the 3rd th day of March, 2021.

s/ Paul A. Wilson_____
PAUL A. WILSON
Litvak, Beasley, Wilson & Ball, LLP
40 Palafox Place, Suite 300
Pensacola, Florida 32502
Telephone:   (850) 432-9818
Facsimile:   (850) 432-9830
Florida Bar # 0151297
E-Mail:      paw@lawpensacola.com
Attorney for Defendants